## Case No. 4,246.

### EARLE et al. v. HARLOW et al.

[2 Ban. & A. 264;[1] 9 O. G. 1018.]

Circuit Court, D. Massachusetts. April, 1876.

George E. Belton, for complainants.
James E. Maynadier, for defendants.

SHEPLEY, Circuit Judge. The question presented in this case is mainly one of infringement. The complainants are the owners of the patent reissued to them as assignees of Adoniran I. Fullam, December 23, 1873, for a new and useful improvement in devices for shearing sheep. The object of the invention is described to be, first, to actuate the cutters of a portable device, which is designed for shearing wool or hair, and which is guided and controlled by the hand of an operator, by means of steam or other equivalent elastic agent introduced into an engine, which is mounted upon the support which carries the handle and cutters of the device; second, to provide for conveying the power to the said device through a flexible pipe or hose, which will allow all the required manipulations of the instrument while in operation.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

The device of Fullam consists, first, of a handle of convenient size to be grasped by the hand. In one end of this handle is a small engine, which is substantially a miniature high-pressure reciprocating engine, which furnishes motive power for actuating a cutter-bar provided with V-shaped cutters, like the cutters of a harvesting-machine, which work over fixed cutters of a similar form— these cutters placed below the other end of the handle, so as to allow sufficient space for the operator to grasp the handle and conveniently manipulate the device while shearing an animal; secondly, there is a flexible pipe connecting the portable engine and shears with the generator of the required power, the flexible pipe serving as a conduit of the power from the generator to the portable engine, and at the same time, by its flexibility, allowing the cutting device to be conveniently moved over an animal in every direction without restraint; third, a generator or reservoir of power.

The patentee states, that if steam be the agent employed for operating the shears, it may be generated in a small boiler, and alcohol or coal-oil used as the fuel, the boiler being located at any convenient point remote from the operator. The generator is treated simply as a generator or reservoir of power, of steam or other suitable elastic agent.

The claim in the patent is for—"The shearing implement consisting of the handle and comb-plate extending from its end, the engine supported by said handle, and a moving shearing-cutter, arranged to operate with the comb-plate, and operated by said engine through power supplied from a reservoir situated at any desired point, substantially as described."

The device used by the defendants is the one described in the patent to Hamilton and Harlow, September 1, 1864, No. 154,603, for improvements in shearing animals. This has a portable handle with an engine in the handle for actuating the cutting mechanism at and below the other extremity of the handle. The engine differs from complainants' engine in the fact that the hollow handle is divided at its rear portion into two air-tight chambers by a central flexible partition or diaphragm, operated by the alternate admission and withdrawal, through tubes opening into said chambers, of air, so as to vibrate laterally a lever connected with the diaphragm, which communicates the desired reciprocatory motion to the cutting device.

Considering an engine as a device for converting power into motion, or as a contrivance by which physical power is applied to produce a given physical effect, there is an engine in the hollow portable handle of defendants' contrivance, as well as in the complainants', an engine which operates in substantially the same manner to produce substantially the same effect.

The mistake of defendants' experts is in assuming to construe the patent of Fullam as limited to an engine operated by the expansive force of steam, a limitation not imposed upon the complainants' patent by any fair construction of the specification or claims.

In place of the two flexible tubes which Fullam uses, one for the passage of the steam or compressed air from the generator to the engine, and another for the escape of the exhaust steam, Harlow uses two flexible tubes for conducting the air into and out of, alternately, the two air-tight chambers of the hollow handle, which, with the addition of the flexible diaphragm and connected lever, constitute the engine for actuating the cutter device. These flexible tubes are connected with any suitable device or apparatus for supplying and withdrawing air to and from the handle, the air being first admitted to one of the chambers and withdrawn from the other, and vice versa.

Here, then, we find the same combination of substantially the same elements operating in substantially the same manner to produce the same result in both machines. Each has its shearing implement, consisting of its movable cutting device, an engine inclosed in, and supported by, the portable handle, the shearing-cutter arranged to operate with the comb-plate, and operated by the engine in the handle through power supplied through the flexible tubes from a reservoir or "source of supply" of power situated at any desired point.

Although, in a certain sense, it may be true that the column or current of air which passes through the flexible tubes in the Harlow device operates merely to communicate power from the air chamber, or "the apparatus or device for supplying and withdrawing air" from the engine in the handle, as a water-pitman operates through a flexible tube, this distinction is one rather verbal and ingenious, as applied in this instance, than real and substantial. The change of name is not in this instance accompanied with any change of function. The same remark applies to the criticism on the word "reservoir" in the complainants' patent, which is used only to designate the location of the source of supply of the power.

In the Fullam machine, the steam or compressed air communicates the power which has been generated by the heat under the boiler, or the manual or other force working the pump to compress the air, from the source of supply, through the flexible tubes, to the engine.

In the Harlow machine, the power generated by the manual or other force working the piston-rod is transmitted from the source of supply through the flexible tubes to the engine, by means of the alternating supply and withdrawal of the air.

The fact that the air which passes through the Harlow tubes, as compared with the steam or compressed air in the Fullam tubes, is practically in elastic, does not change the

mode of operation, which is, that in each case a power generated at a source of supply at a desired point is transmitted through a flexible tube, so as to be available to actuate an engine in the portable handle, which converts that power, at any other point where the will of the operator may from time to time direct it, into the desired motion.

Decree for complainants.